Good morning, Your Honors. Hold on a second, Ms. Carlin. Yes, of course. Thank you. Yes, good morning. I'm Stephanie Carlin. I am counsel for Valentine Osuji, who is the palantist the Court knows in this matter. I have briefed, as the Court is aware, six issues in this case, two related to this is a disposition following a trial, two related to the substance of the conviction, and four related to the application of sentencing guidelines. Given the limitations on the time, I want to take my time or the majority of it to address the disagreements that the government and I have in terms of the appropriate standard of review that this Court should apply in this case with respect to pretty much all of the issues. With respect to the guidelines applications, the enhanced — There are a couple of minor issues that you've agreed are being remanded, is that right? We agree with respect to — Restitution. Yes. Yes. The government has agreed that the district court made, essentially, a small error in the calculation of restitution, and the government has consented to a — they will speak for themselves — a limited remand to address that issue. Yes, that's fine. Yes, Your Honor. The first question I'd like to address with the Court is the government's assertion that this Court should not review any of these four challenge guidelines, enhancement, claims of error, on the basis that this Court should find either that they're harmless and therefore not review them or review them and find them harmless, necessarily find them harmless. And the reason that the government asserts for that is because the district court stated that it would have imposed the same sentence regardless of the guideline enhancements or its finding with respect to loss amount also. The government claims that in those circumstances it is necessarily harmless error. We disagree. I think in order to understand the proper standard of review for this Court to apply in this case, you have to see how this case law developed. The government is correct that this Court has held in more than one cases that when a district court unequivocally says, and I mean very unequivocally according to this Court's case law, says that it would have imposed the same sentence this Court has in some cases, either declined to review the claim of error or applied harmless error. Those cases arose out of this Court's body of case law that says when errors could not have affected the sentence, then you can apply harmless error. I mean, the apprendee issue seems to be, to me to be, is really a question outside of the purview of harmless error. I certainly agree with you, Judge. Well, is there a piece that tells us that? In other words, when there's an apprendee problem or challenge that is not really subject to harmless error analysis. Well, it's interesting. The apprendee challenge arises in terms of our assertion that this Court erred in applying the enhancement for false registration of a domain name. The construct there is that the Guidelines Section 3C1.4 says that if a sentence enhancement, if an enhancement is implied under the statute that it refers to, which is 18 U.S.C. 3559. Not G1. G1. Then you apply the three-level, plus three-level, or plus two for the domain. I think it's plus two-level. It is plus two. Confrady, the case that I say governs here, is plus three. But the district court, our argument with respect to that guideline enhancement is both apprendee, and I'll address that immediately, and also just that a plain reading of the statute dictates that it not be applied unless the defendant is indicted for and convicted of violating that statute. Well, not even Confrado went that far. In other words, Confrado doesn't say you can't apply the enhancement, notwithstanding the fact that the defendant has not been convicted of the underlying statute that's referenced in the guidelines. Well, the issue didn't quite arise in Confrado in that sense. In Confrado, the defendant pled guilty, and the guideline section there was committing an offense. The enhancement was if you committed an offense while out on release. He pled guilty to the initial offenses and the new offenses that was conducted, that committed on release. Yeah. I thought that it arose in context. And there are other cases where the guideline, that's an issue, the guideline enhancement applies notwithstanding the fact that the defendant has neither pled nor otherwise been convicted of the statutory provision or offense mentioned in the guidelines. Yes. That is not what I'm saying, Judge. I'm saying that in Confrado, there was no question that the precondition, the factual precondition existed. The defendant admitted it. He admitted by pleading guilty to the new offenses. I committed those offenses. And just as a matter of fact, he committed those offenses while he was out on release. In those circumstances, this Court held that while Apprendi was implicated, meaning that statute, that guideline, which are the equivalent to 3C1.4 here, do implicate Apprendi. This Court declined to vacate the sentence in that case because they found that the Apprendi, that the Sixth Amendment right to trial by jury was essentially fulfilled because Confrado had not contested the conduct. In fact, he pled guilty to it. So that goes back to the Court's old case law from which this developed, which basically says it is harmless error. I mean, you know, look, so it is right that Confrado admitted conduct that was consistent with the crime of, with the underlying statutory offense. And here I think that the government is saying that in the course, on this record, it is very clear that, or sufficiently clear that he, your client, actually registered a false demean. Well, obviously, Judge, we disagree with that. Our first argument is that there was insufficient evidence. Also, the idea that insufficient evidence to sustain those charges at all. The idea that there was overwhelming evidence, which I think, or abundant evidence, which I think the government argues, overwhelming evidence, which I think is the language. Is there really a way in which to read this record to find that the conviction wouldn't necessarily entail the registration of false demean? Yes. That was a component of the government's allegations. But this was not the case. The government's assertion that the client was involved in sending the emails to the businesses that were victimized, but that he was not the person or not involved registering false domain names. They could have found, obviously, that he was involved with that, but it is not a necessary finding. Also, Judge, the other component of this is the right to indictment. The government's assertion that because he was spoofing, which it equates, and I think reasonably so, with registering a false domain name, the fact that that's in the indictment means that he was charged by indictment is just not correct. We have these speaking indictments in the modern era. The government puts in all kinds of allegations that are not either charged as violations or necessary to the charges. Well, that's the modern sentencing scheme. Absolutely. Absolutely, Judge. But it does not mean, then, that that person is constructively charged with every allegation in the indictment. And that's what would be required to find that there is no apprendi violation. That's one of the things. No apprendi violation with respect to the indictment in the false domain. So tell me a little bit more about, because I'm not sure that I fully understand your argument. I think I do, but I'm not sure. With respect to the actual apprendi violation, the statutory maximum, if you combine all the sentences, was 84 or 86 years, I think is right? Right. That goes to this Court's decision in United States v. Gonzalez and several other cases in which this Court, contrary to the courts that the government cites from other circuits, in its brief, this Court has held that the issue is not whether a defendant gets more time, but whether the apprendi violation is exposing. And he was exposed. How? Because this Court has said that 3C1.4 in this case or in Contreras. 3C1.3. 1.3 is the Sentencing Guidelines Commission's way of enacting, of bringing to life the congressional mandate that somebody who engages in whatever that conduct is, domain registration or whatever, is, that's the Commission's way of essentially incorporating the statute into the guideline. So this Court held that that is the equivalent. That's why the Court found in Confredo and held in Confredo that apprendi is implicated. The statutory language in these two or the language in these two guideline sections is exactly equivalent, the operative language. And in Confredo, this Court held that that language essentially meant that apprendi was triggered because through the guideline, which incorporates the statute, the defendant is subject to the risk of additional penalty. I don't think this Court... But what it says is that the predicate for Confredo is, since Section 3147, which is analogous to 3559 here, applies, even though now there's a separately charged offense. Apprendi also applies. Yes. Apprendi also applies because Section 3147 exposes Confredo to a higher maximum, that is 10 more years, than the highest maximum he could have received on an offense unreleased, on the offense unreleased counsel. Which is exactly... The maximum here is 86 years. No. How is it possible? Judge, the risk, again, that goes back to Gonzales and this Court's whole line of cases that says the risk is what is the penalty that the person risks. This defendant, by application of that statute, the maximum for each offense could have been doubled or increased by 7 years, whichever is less. That's the potential increase. This is exactly, exactly the same circumstance as in Confredo. And unless this Court overrules Confredo, the same result must apply. And maybe this is a problem that you wouldn't like. The government puts in proof or during its ongoing investigation through the trial, there's definitive proof, not admitted by the defendant, but definitive proof of false registration of a domain name or registration of a false domain name, however you put it. And you are saying that the District Court cannot take account of that by way of an enhancement under 3C1.4 or some analogous guideline. That's exactly what this Court said in Confredo. Exactly in the same circumstance. Well, I know you said you had six matters. I've reserved three minutes. You've reserved some time for a rebuttal. Yes. Or hear from the government. Thank you. Thank you, Your Honors. May it please the Court. My name is Neeraj Patel and I represent the United States in this case. Is this better? Thank you. A little slow. Just a little. For me. I'll start again. May it please the Court. My name is Neeraj Patel and I represent the United States in this case. Aside from the limited remand to correct it, amend the restitution order, this Court should affirm the judgment below. First, the evidence was more than sufficient to prove Mr. Isugi's guilt. Second, the District Court properly excluded two defense exhibits, an online blog post and a purported Instagram post by unknown authors because they lacked authenticity and contained inadmissible hearsay. And third, Mr. Isugi's below-guideline sentence was procedurally reasonable and if there was error, it was harmless because the Court unambiguously indicated it would have imposed the same sentence even if the disputed guidelines enhancements and the guidelines range was different. So you heard my questions to your good friend on the other side about Confredo, which is a conundrum to say the least. What is the government's response? And before you get to harmless errors, why is this not an error? So I agree with Your Honor that Confredo is a conundrum, at least to me. In this case... Well, there you go. Areas of agreement. Okay. In this case, first of all, it's a different guidelines range. Second, it doesn't expose Mr. Isugi to an increased maximum. The maximum sentence that the Court could have imposed statutorily is the same regardless of whether the Court applied this enhancement or not. He was not charged with that violating the statute so that his maximum would increase. It's just like any other guidelines enhancement that district courts apply in the sentencing guidelines. That would have been my reading. And if you look at Samuels and the D.C. Circuit, that's consistent with what you're saying. Confredo then, as Ms. Carlin pointed out, refers to exposure. Now, the D.C. Circuit in Samuels also was aware that Apprendi talks in terms of exposure to a sentence that exceeds the maximum. But Confredo seems to focus on that. So would you focus on that? It's not clear to me why Confredo says that the defendant in that case was exposed to an increased maximum sentence because he wasn't charged with that underlying violation of the statute. I believe it was 3147 to increase his exposure. I think one way to look at it is the sentencing guidelines for that enhancement that was that issue in Confredo required the district court to divide up the sentence under the guidelines by what was without the enhancement and then what is the sentence with the enhancement and run it consecutive. Just mechanically take me through this. We read the colloquy with Judge Hall where she is trying to figure out how to navigate this issue. But he was convicted of what? What were the counts of conviction? Conspiracy to commit wire fraud, wire fraud and aggravated identity theft. As to the substantive counts, what's the statutory maximum? 20 years for the conspiracy and the three wire fraud counts and two year mandatory sentences to run consecutive for the aggravated identity theft counts. So that would be 20, 40, 60, 66, 86, I'm sorry. Yes. And to what did this is maybe also something that I couldn't figure out. To what did this particular enhancement under 3C1.4 attach? What was the crime of conviction? What was the offensive conviction? I think the conspiracy to commit wire fraud and the substantive wire fraud would get grouped together under the guidelines. You have to take away the aggravated identity theft because they run consecutive. So they get grouped together and then the enhancement applies to that, because it's in Chapter 3 of the guidelines, to that grouped overall offense level, which I think was 32 without the enhancement. Okay. So the statutory maximum, at least with respect to the grouped, was 32? No, that was the guidelines offense level. So the statutory maximum would have been 80. Eight. 80, 8-0. Oh, I'm sorry, 80. And so I take it that your argument is there is no way that he was exposed given the language of both the statute, 35-59, which is double or seven years. Is that right? That's the government's view, Your Honor. I think that was Judge Hall's view in the district court. And I think if the guidelines had simply said, instead of cross-referencing the statute, but had just said, if a defendant registers false domain names in the course of offense, if the offense conduct increased by two levels, there wouldn't be any question. I think the commission took shorthand and just referred to the statute. I mean, there's a whole question, frankly, if you look at the commission's policy statement in connection with 3C1.4 and 35-59 and its implementation of 35-59. It seems to suggest that you actually need a conviction. That is, that you need to convict the defendant. And I know that this was not raised by Ms. Carlin, but need to convict the defendant of whatever the offense is that leads to an enhancement under, a statutory enhancement under 35-59. I think that, well, in this case, the jury necessarily, I know the defense, or the defendant disagrees, necessarily found that he must have registered false domain names in the course of the offense. I think that goes to the sufficiency of the evidence question. Because it was discussed in the indictment, the government's evidence showed that these victims were defrauded because of the registration of false domain names. They were registered using email accounts that, I think the evidence showed that Mr. Isuji controlled the same accounts that was used to email the victim companies. So the jury necessarily found that he was registering false domain names. And in the sentencing context, it's a preponderance of the evidence standard, and so the judge, separate from the jury, could have found, or did find. So really the obstacle here that you resort to harmless error to circumvent is confraternity. If we agree with Ms. Garland's reading of Confredo, then your only answer is harmless error. Is that right? That's correct, Your Honor. How should we read Confredo on this issue? What's its holding? So I think Confredo's holding is for that enhancement under 3C1.3, there could be an apprendi issue if the conduct wasn't alleged in the indictment and the jury didn't convict on that. I think here the court could sort of find that Confredo doesn't apply here because it is a different statute. Of course it's a different statute, but first of all, 3C1.4 and 3C1.3, the guidelines, it's the same language. Do you agree with that effectively? The text of the enhancement parallels each other, but the commentary is different. In 3C1.3, the court is required to separate the guidelines range without the enhancement and the guidelines range with the enhancement and run them consecutive to one another. That's not required under 3C1.4. So I think that's another difference why that Confredo shouldn't be applied here. Is there a difference in kind in the government's view between 3147 and 3559? Other than what the statutory max is and the underlying conduct. And in Confredo, do you agree based on whatever, however you read it, what was the statutory maximum in Confredo? I believe, Your Honor, that to be fair, Your Honor, I don't remember what the underlying offense count of convictions were. It might have been only 10 years, but it's unclear. Correct, Your Honor. I don't recall. I'm sorry. I see my time has expired. Unless the court has any other questions, we would rest on our briefs. Thank you very much. Thank you. Just to address the point Your Honor made, I do absolutely, in the brief, this was said below, and I said it in my brief, my reply brief, and I'm repeating it now, that it is our position that Mr. Osuji would have had to have been convicted of that sentencing, of the statute. So you can't be convicted of 3559. 3559 is itself an enhancement provision. Judge, there are circumstances. I don't have the cases, but if the court's interested, I'll find them. But my memory is that every case that I shepherdized for 3559, the person had been indicted. And you could be indicted. It's a Federal statute. It prohibits conduct. You would have to be indicted in conjunction with an underlying offense. Well, that's my point. Then they should have indicted him. They should have indicted him for this offense, Judge. And he wasn't extradited for this offense. I think that's part of the reason that the government didn't seek to go that route. In terms of whether or not this is harmless error, just the Apprendi part of it, I really want to focus the Court's attention on the indictment component of this. He has a substantial right. He has a Fifth Amendment constitutional right to be tried only on charges that are specifically listed in the indictment. If Mr. Osuji tried... He was. He was only tried. Not under this Court's decision in Confredo. The Court found it harmless error because somehow a defendant... Well, in that case, because he admitted the conduct. But the government's argument... He wasn't charged in the indictment. He was not. How could he have been exposed to a maximum sentence that would exceed the offenses he was charged with? Because the Court's analysis in Confredo says so. The Court's analysis in Confredo... I'm sorry. You're not saying Confredo is very confused. Maybe we need to simplify it. I would say that the panel of this Court does not have the authority to overrule Confredo. I hope it doesn't turn out I wrote Confredo. I thought it was really well-drafted, Your Honor. Very insightful. But just one point, a quick point, because I see my time is up. But would the government, if Mr. Osuji came back later and said, for example, I am pleading that government tried to indict him for the statutory violation, would the government say, no, no, we're going to... If he tried to assert that he had previously been convicted, indicted and convicted of that offense, would the government admit that and say, we can't prosecute you? So Mr. Patel pointed out that in the indictment itself, it talks about not only spoofing, but the means of identification. It refers to... It does, Your Honor. It talks about a lot of things, but it doesn't charge him with that violation. And that's the point. I have the right to know specifically. But my point is that... It goes back to the question I asked, I think, you, which is almost necessarily the jury... In order to... You're shaking your head. I haven't finished my question yet. Necessarily the jury must have found that he tampered, fabricated, falsified a public domain, because that was a core part of the alleged scheme. It was one part of the alleged scheme. The other part, there are many other parts, but another part of the alleged scheme involved sending, intercepting the email traffic between a company and its vendor, figuring out that the vendor was due payment, diverting that email and telling the vendor to send the money to my bank account. Jones Company bank account has been changed to 1234, send the money there. That had nothing to do with spoofing domain names. Part of those frauds did have to do with using spoof domain names, but that was not a... The jury could have found Mr. Ozuji guilty without finding that domain name. And again, I would say that's not the analysis. The analysis is, was he charged with it? Was he on notice of it? Could he plead it as a bar to double jeopardy if he were prosecuted for that conduct in the future? And the answer to those questions are no. I'd also just in one second like to refer the Court to the other arguments. I think there's some compelling arguments, especially with respect to the District Court's exclusion of evidence that was violating Mr. Ozuji's. The two zippers. Yes, sir. Thank you. Thank you very much. Very helpful. We'll reserve the decision.